## THAYER *v.* CLARK.

December, 1869.

Affirming 48 *Barb.* 243.

In the absence of fraud or collusion between the administrator and the creditor, a surrogate's decree, directing the administrator to pay a debt, is conclusive on the sureties in the administration bond.

After the liability of the sureties is fixed, the bond may be assigned to the creditor, and he may maintain an action thereon.

Benjamin C. Thayer brought this action, July 30, 1863, in the supreme court, against Sidney Allen, Alvah Phelps, Jacob Loomis and Albert Clark, upon a bond executed by them February 23, 1858, and conditioned for the faithful discharge, by the defendant Allen, of the duties of administrator of the estate of Nahum Allen, deceased intestate, and for his obedience of all orders of the surrogate touching the administration.

The plaintiff had recovered three several judgments against Allen and Phelps as administrators. Subsequently, on September 30, 1862, and more than six months after the issuing of letters of administration, the surrogate upon application of the plaintiff ordered Allen and Phelps as administrators to pay the plaintiff within five days thereafter the amount of the judgments, with costs and disbursements of the application.

Evidence was adduced on the trial of this action, to show that the decree of the surrogate was docketed, and that execution issued thereon was returned unsatisfied. The decree set forth that assets were proved in the hands of the administrators sufficient to pay all claims against the estate of the deceased.

Allen and Phelps having omitted to pay, the surrogate, on January 7, 1863, made a decree assigning the bond on which this action is brought, to the plaintiff to be prosecuted.

The referee, moreover, found for the plaintiff, in the sum of two thousand two hundred and eighty-one dollars and six cents, being the amount of the judgments before recovered, costs in the proceedings thereon before the surrogate, and disbursements in those proceedings, with interest on these several items ; and judgment was entered, accordingly.

*The supreme court,* at general term, upon appeal, held, in an opinion by INGRAHAM, J., that the decree of the surrogate was conclusive upon the administrators. Any defense in their behalf should have been urged before him. Under such a bond as they had executed, it was not competent to show that his decree was erroneous, and the neglect to comply with its requirements forfeited the bond. There can be no doubt as to the power of the surrogate to decree payment of a debt against an administrator after the lapse of six months from the granting of letters of administration. 3 *R. S.* 5 ed. p. 204. The surrogate could prosecute the bond under the former provisions of the revised statutes (*Id.* § 19), and now can assign it to the creditor for that purpose. Act of 1837, c. 460, §§ 63, 64, and 65. The plaintiff could not be relegated to a general accounting, upon which to share equally with the other creditors.

The defendant appealed to this court.

*F. G. Young,* with him *J. W. Edmonds,* for the defendant, appellant.—The Revised Statutes abrogated the preference to be obtained by the creditor first issuing execution. Dudley *v.* Griswold, 2 *Bradf.* 30 ; People *v.* Albany, 9 *Wend.* 488 ; Dox *v.* Backenstose, 12 *Wend.* 542. The surrogate can have a final accounting, 2 *Ed. Stat. at L.* p. 94, § 52 ; p. 96, § 61 ; p. 98, § 70 ; p. 120, § 18 ; p. 229, § 1. The only means of enforcing which is by attachment. 2 *Ed. Stat. at L.* p. 230, § 6 ; Dakin *v.* Hudson, 6 *Cow.* 224 ; Seaman *v.* Duryea, 11 *N. Y.* 324 ; S. C. 10 *Barb.* 528. The provisions for suing on administrator's bond (*above*) were only to enforce decrees on final accounting.

Sureties without notice of the suit are not concluded by a judgment. Thomas *v.* Hubbell, (*above*) ; Tyler *v.* Ulmer, 12 *Mass.* 166 ; 1 *Greenl. Ev.* § § 522, 523, 535 ; Westervelt *v.* Smith, 2 *Duer,* 449 ; Turpin *v.* Thomas, 2 *Hen. & M.* 139, 147 ; 2 *Cow. & H. Notes to Phil. Ev.* 816, 817 ; *Id.* 281 ; Ford *v.* Walsworth, 15 *Wend.* 449 ; Dakin *v.* Hudson (*above*) ; 2 *R. S.* p. 91, § 65 ; *Id.* p. 116, § 21 ; Simkins *v.* Cobb, 2 *Bail.* (*So. Car.*) 60 ; Weston *v.* Weston, 14 *Johns.* 428. Evidence rejected would have shown that the bills rendered to the administrators varied from those sued on ; that in one of the suits no process was served on them, but an attorney appeared voluntarily for them, without authority. Such appearance, without authority shown, is not binding. Campbell *v.* Bristol, 19 *Wend.* 101 ; Allen *v.* Stone, 10 *Barb.* 547. Costs were taxed by consent of the attorneys and by award of the referee, not by an award of the court. 2 *R. S.* p. 90, § 41 ; 2 *Ed. Stat. at L.* 92 ; Buckhout *v.* Hunt, 16 *How. Pr.* 408.

*Benjamin C. Thayer,* plaintiff, respondent, in person.—The surrogate has power to order the payment of any debt by the administrator after six months from the granting of letters. Fitzpatrick *v.* Brady, 6 *Hill,* 582 ; Kidd *v.* Chapman, 2 *Barb. Ch.* 424 ; Magee *v.* Vedder, 6 *Barb.* 356 ; Mount *v.* Mitchell, 31 *N. Y.* 356, 363. The debts were established by judgments of the supreme court, and no anterior matter of defense can be shown. Biddle *v.* Wilkins, 1 *Pet.* 686. Being only collaterally considered they must be taken to be regular. Rutherford *v.*

NEW YORK

Thayer v. Clark.

Rutherford, 1 *Den.* 33. The surrogate had full jurisdiction to pass upon the debts. People *v.* Downing, 4 *Sandf.* 189; Baggott *v.* Boulger, 2 *Duer,* 160, 169. The surrogate's decree concluded the administrators and therefore the sureties. People *v.* Laws, 3 *Abb. Pr.* 450; S. C., affirmed, 4 *Abb. Pr.* 292; 4 *Bosw.* 379; and cases there cited; Vanderpoel *v.* Van Valkenburgh, 6 *N. Y.* 190; Dyckman *v.* Mayor, 5 *N. Y.* 434; Bumstead *v.* Read, 31 *Barb.* 661; Thomas *v.* Hubbell, 15 *N. Y.* 405; Annett *v.* Terry, 35 *N. Y.* 256, 260, 261. The surrogate can assign the administrator's bond, if execution is returned unsatisfied. *Dayton's Surrogate,* ed. of 1855, p. 29, note *a*; 1 *Duer,* 698, The statute of 1837 (cited in the supreme court, *above*), is cumulative in its effect, and leaves pre-existing remedies. People *v.* Guild, 4 *Den.* 551. The real party in interest is now to sue, not the obligee of the bond. 2 *Duer,* 170.

BY THE COURT.—WOODRUFF, J.,—It seems to me necessary to say little more in this case, than that I concur in the opinion, pronounced by INGRAHAM, J., in the court below, that in the absence of fraud or collusion between the administrator and the creditor, a decree of the surrogate, directing such administrator to pay the debt, is conclusive upon the sureties in the administration bond. By that bond, the latter undertook that the administrator should obey all orders of the surrogate, touching the administration of the estate committed to him.

Within the letter of the bond a breach of the condition has occurred, and the absolute undertaking of the sureties has become operative.

It may be considered, nevertheless, that a disobedience to an order or decree of the surrogate, which he had no jurisdiction to make, would not furnish a ground of recovery. And inasmuch as fraud vitiates judgments and decrees, as well as all other acts and transactions induced thereby, it follows that a decree of the surrogate, obtained by fraud or collusion, would not conclude such sureties.

But the statute gave the surrogate jurisdiction, upon the application of a creditor, to decree the payment of any debt

after the lapse of six months from the granting of letters of administration.

The surrogate therefore had jurisdiction; application was made to him, he found that there were assets sufficient, and he decreed the payment.

The statute further provides, that whenever the administrator refuses or omits to perform a decree of the surrogate, for the payment of a debt, such surrogate may cause the bond to be prosecuted, and shall apply the moneys collected thereon to the satisfaction of the decree.

The order or decree of the surrogate was therefore within his jurisdiction.

No offer or attempt was made on the trial herein to show fraud or collusion, but only to impeach the judgments in favor of the plaintiff which were mentioned in the decree, and which the administrator was therein ordered to pay, by showing that they were irregular and erroneous, and that the debts for which they were recovered, or some part thereof, had been paid before they were rendered.

This is an attempt at a double impeachment of the record. 1st. To inquire into the merits of the decree of the surrogate. 2nd. To inquire into the merits of a judgment duly obtained in the supreme court, which the decree of the surrogate directed the administrator to pay.

The case of Annett v. Terry, in this court (35 N. Y. 256), shows that this cannot be done, while on the other hand it holds that the decree of the surrogate may be impeached by the sureties for fraud, or collusion in the procurement thereof.

Whether the proceeding further pursued by the creditor, to wit, by filing the decree of the surrogate, and issuing execution against the administrators, and procuring and proving the return thereof, was an essential pre-requisite to the maintenance of this action, is not material to the present inquiry. It was evidence of the default of the administrator at least. If a necessary condition of the liability of the sureties it was satisfied, and if not the sureties were not prejudiced thereby.

The case of Douglass v. Howland 24 Wend. 35, 55 ; as also, Thomas v. Hubbell, 15 N. Y. 405, may be profitably referred to, to show the distinction between those cases in which (in

the absence of fraud) a judgment or decree against the principal concludes the sureties, and those in which it does not. See also *Cowen & Hill's Notes to* 1 *Phil. Ev.* notes 620 693, pp. 894, 984, &c.

These views preclude inquiry into the alleged errors in the judgments which the surrogate ordered paid, and lead to the conclusion that the judgment appealed from should be affirmed.

MURRAY, J., also read an opinion for affirmance.

All the judges concurred.

Judgment affirmed, with costs.