## SUPREME COURT.

MARY O. CRIDLER, appellant, agt. JAMES B. CURRY *et al.*

Where an *administrator's bond* is assigned by the surrogate for the purpose of being prosecuted under the act of 1837, the action may be brought in the *name* of the *assignee* as the real party in interest, under § 111 of the Code. If sued in the name of the *people*, as the nominal obligees, the Code, under § 113, allows the action to be brought in that form.

Before the Code, joint and several obligors must have been sued either all jointly, or each one severally. But under § 120 of the Code, all or *any* of the obligors be included in the same action.

Therefore, where the plaintiff sued only two of the four sureties to the administrators' bond, *held* that the action was authorized by § 120 of the Code.

*Fourth Department, January Term,* 1873.
*Before* MULLIN, *P. J., and* TALCOTT, *J.*

E. D. SMITH, *J., having made the order appealed from, did not sit.*

APPEAL from an order sustaining a demurrer to the complaint of the plaintiff.

HAKES & STEVENS *for appellant.*

I. Whatever the rule may have been before the Code, the rule now is that "Persons severally liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes, may all or any of them be included in the same action, at the option of the plaintiff" (*Code,* § 120).

· In *Brainard* agt. *Jones and Provost* (11 *How.,* 569), Mr. Justice GREEN, in delivering the opinion of the court at general term, says: "The language of the section must be

received in its ordinary sense, in which the legislature is presumed to have used it; and when it is plain and unequivocal, there is no room for construction" (*p.* 571).

In *De Rider* agt. *Schermerhorn* (10 *Barb.*, 638), Judge WILLARD, in delivering the opinion of the court at a general term, says: "At common law, when the contract was joint and several, the plaintiff must sue each separately, or all together." * * "The principle, which has been good law from the time of the year books was changed by the 120th section of the Code. The plaintiff is now allowed, at his option, to sue any one or more in the same action" (*pp.* 640, 641).

*Brainard* agt. *Jones* was approved in *Strong* agt. *Wheaton* (38 *Barb.*, 623); also in *Eaton* agt. *Balcom* (33 *How.*, 81); also in *Cassman* agt. *Plass* (23 *N. Y.*, 286).

II. The action was properly brought by the plaintiff.

It is therefore claimed that the order appealed from should be reversed, with costs, to the appellant.

WILLIAM RUMSEY *for respondent.*

I. The people should be joined, as a party plaintiff, to the action (*People* agt. *Townsend,* 37 *Barb.*, 520, 529; *People* agt. *Norton,* 5 *Seld.*, 176, 179).

The case of *Baggott* agt. *Boulger* (2 *Duer,* 160), does not hold that such an action may be brought in the name of the beneficiary. It simply holds that the objection that the people should be a party, is waived if not taken by demurrer; all else on that subject is *dictum.*

And if that case does decide that the action need not be brought in the name of the people, it must be deemed overruled by the case of the *People* agt. *Norton* (*supra*); *O'Connor* agt. *Such,* (9 *Bosw.*, 318, 321).

Section 65 of the statute of 1837 provides that the surrogate shall assign the bond for the purpose of being prosecuted (4 *N. Y.*, 498).

The assignment contemplated by the statute does not change the ownership of the bond. It is simply only the grant of permission to prosecute it (*Baggott* agt. *Boulger*, 2 *Duer*, 160; *Annett* agt. *Kerr*, 2 *Robt.*, 556, 566).

The people of the state are still the owners of the bond, and are to be plaintiffs as trustees of an express trust under section 113 of the Code (*People* agt. *Norton*, *supra*).

The case of *Thayer* agt. *Clark* (48 *Barb.*, 243), cited by Judge SMITH, does not touch this point. The report does not show that the question was raised on the argument, nor is it mentioned in the opinion of the court, and the case cannot be considered as binding authority upon it. It is in direct conflict with *People* agt. *Guild*, (4 *Denio*, 551); *People* agt. *Townsend*, (37 *Barb.*, 520); *People* agt. *Norton*, (5 *Seld.*, 176); *Annett* agt. *Kerr*, (2 *Robt.*, 556); *Mayor, &c.*, agt. *Bret*, (2 *Hilt.*, 560).

II. The complaint does not state facts sufficient to constitute a cause of action in favor of these plaintiffs.

III. The objection that the administrators, Kingsley and Healy, should be parties defendant, is well taken.

1. The objection is properly taken by demurrer (*Zabriskie* agt. *Smith*, 13 *N. Y.*, 322; *Eaton* agt. *Balcom*, 33 *How.*, 80).

2. This proceeding is under *laws of* 1837, *chap.* 460, §§ 63, 64, 65, The statute does not direct that the sureties shall be sued, but that the bond shall be prosecuted, and there is nothing in it authorizing a departure from ordinary practice in suits on any other obligations.

In suits on joint and several obligations " an ancient and familiar rule of law forbids it to be treated as several as to some of the obligors, and joint as to the rest. The obligee has the right of choice between the two methods of proceeding, but he must resort to one or the other exclusively, and cannot combine both—that is, he must proceed either severally against each or jointly against all " (1 *Pars. on Conts.*, 5th ed., 12).

Section 120 of the Code provides that, " persons severally liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes may, all or any of them, be included in the same action, at the option of the plaintiff." But this section does not apply in this case, because,

1. It is confined, by its terms, to the case of persons severally liable, and does not extend to a case where persons are " jointly and severally " liable.

The section was drawn by the commissioners so as to be " conformable to the present statute authorizing suits against different parties to bills of exchange and promissory notes," (*Laws of* 1832, *chap.* 276). The Code, no doubt, extends the provision to the case of parties liable on a several bond, but it does not change the rule that parties jointly and severally liable must still be sued as at common law (*Morehouse* agt. *Ballou*, 16 *Barb.*, 289, 292, 293; *Spear* agt. *Myers*, 6 *Barb.*, 446; *Miller* agt. *McCagg*, 4 *Hill*, 35).

These cases all hold that the laws of 1832, and later years, made no change in the practice as to the mode of suing joint and several parties liable upon the same instrument, and the case of *Bank of Genessee* agt *Field* (19 *Wend.*, 643), is overruled so far as it holds a contrary doctrine by *Miller* agt. *McCagg*, (*supra*); *Hay* agt. *Phelps*, (1 *Sandf.*, 66); *See Carman* agt. *Plass*, (23 *N. Y.*, 286). And there is no reason why the section of the Code should be construed differently from the same words in the statute.

2. The plaintiffs have no authority to maintain these actions, except the authority the statute gives them (*Annett* agt. *Kerr*, (2 *Robts.*, 556), and, therefore, the action must be brought as directed by the statute. That provides not that the sureties shall be sued, but that the bond shall be prosecuted. There is no authority for suing the sureties alone. All of the obligors are bound, and all should be joined.

Cridler agt. Curry.

*By the court,* TALCOTT, *J.*—This is an action brought upon an administrator's bond, which has been assigned to the plaintiff by the surrogate of Steuben county, to be prosecuted under the act of 1837. The bond is joint and several, executed by the defendants and two other persons. The points presented by the demurrer are two: 1st. That the action cannot be maintained by the plaintiff, but should have been brought in the name of the people, who are the nominal obligees. 2d. That the bond being joint and several, all or only one of the obligees must be sued.

As to the first point, we think the decision of the special term was correct, and that under the circumstances the action may be maintained by the plaintiff in her own name (*Thayer* agt. *Clark,* 48 *Barb.,* 243). Section 113 of the Code, authorizing the trustee of an express trust to sue, is merely permissive, and does not prevent the real party in interest from suing under section 111. The case of *The People* agt. *Norton* (9 *N. Y.,* 176), and the other cases referred to by the plaintiff, where actions of this kind have been brought in the name of the people only, hold that the action may be maintained in that form under section 113. Upon the second point we think the special term erred. There is no question but what before the Code joint and several obligors must have been sued either all jointly, or each one severally.

In other words, the plaintiff was bound to treat the obligation either as joint or several. But section 120 of the Code expressly provides that persons severally liable on the same obligation or instrument, may all or any of them be included in the same action at the option of the plaintiff. This rule was first by statute applied to commercial paper in 1837. By the Code, however, the principle is extended to other obligations and instruments. It was early decided by the general term of the eighth district that under this section two of three joint and several obligors may be sued.

The same point is stated by WILLARD, *J.,* in *Dickins* agt. *Schermerhorn* (10 *Barb.,* 638).

The rule in *Brainard* agt. *Jones* was admitted by MULLIN, J., in delivering the opinion of the general term of the fifth district in *Strong* agt. *Wheaton* (38 *Barb.*, 616), and was also referred to as correct by DAVIS, J., in *Carman* agt. *Plass* (23 *N. Y.*, 286).

The defendants are two of the parties who are severally liable on the same obligation, and are therefore within the express language of section 120. Upon this ground the order sustaining the demurrer is reversed, with leave to the defendants to amend within twenty days, on payment of costs.