CHARLES R. DEAN, Respondent, v. W. H. WHITON, Appellant, Impleaded with DAVID R. DE WOLFE and others.

*Stockholders of corporation—liability of, for wages of servants—action must be against each separately or against all jointly.*

Where a servant of a corporation seeks to enforce the joint and several liability imposed upon its stockholders by section 18 of chapter 40 of the laws of 1848, he must sue each stockholder separately, or join them all in one action. After bringing an action, to which all the stockholders are made parties defendants, he cannot thereafter discontinue as to one defendant without the consent of the others.

Appeal from an order denying a motion to vacate a judgment. entered in favor of the plaintiff.

*Robert F. Little*, for the appellant.

*Rufus L. Scott*, for the respondent.

Gilbert, J. :

This action was one against all the stockholders of a corporation which was formed under the general manufacturing act of 1848 (chapter 40), and was brought to enforce the joint and several liability, for wages of a servant or laborer, imposed upon them by section eighteen of that act. Some of the defendants, including Whiton and Chase, appeared and answered. The action was tried by the court without a jury. Intermediate the trial and the decision of the court, the plaintiff, upon the consent of Chase's attorney, but without the consent of the other defendants, discontinued the action against Chase. A judgment having been entered against all the defendants except Chase, Whiton moved to set it aside upon the ground that such discontinuance was illegal and injurious to him. The motion was denied and Whiton appealed.

At common law, when the liability was *ex contractu*, and also *joint and several*, the plaintiff might proceed against the parties jointly, or sue each separately; but if more than two persons were

liable, he was compelled to sue them all jointly, or each of them separately. (1 Chit. Pl., 49.) I cannot find that this rule has been changed except with respect to parties severally liable upon the same instrument. (Laws, 1832, ch. 276; Code of Proc., § 120; Code of Civ. Proc., § 454.) As the language of those statutes has been construed, two of these joint and several obligors may be sued. (*Cridler* v. *Curry*, 44 How. Pr., 345, 349.) But the liability in this case does not arise out of any instrument. It is a statutory liability, although it arises indirectly upon contract. The plaintiff, by bringing his action against all, elected to treat the liability as a joint one, and he should be held to such election. (*Strong* v. *Wheaton*, 38 Barb., 616; 44 How. Pr., *supra*.) Such a rule seems to be in accordance with the Code of Civil Procedure (§§ 447, 448, 452, 456), and to be important for the protection of the right of defendants jointly liable, to have recourse to their co-defendants for contribution. (*Wooster* v. *Chamberlin*, 28 Barb., 604.) The discontinuance, although it did not release Chase, rendered another action necessary to enforce the liability against him. (See *Bolen* v. *Crosby*, 49 N. Y., 183; *Irwin* v. *Milbank*, 56 id., 635; *Hoag* v. *Lamont*, 60 id., 96.)

I think, however, that the joint liability of Chase does not sufficiently appear. His answer was verified and contained a denial that he was a stockholder at the times stated in the complaint. The plaintiff, by discontinuing the action as against him, withdraws the averment on that subject in the complaint. The only remaining evidence is the statement, upon information and belief only, contained in the affidavit of Mr. Little. That is not legal evidence, and is entitled to no weight against the positive denial of Chase.

The order, therefore, must be affirmed, with ten dollars costs and disbursements.

BARNARD, P. J., and DYKMAN, J. concurred.

Order affirmed, with ten dollars costs and disbursements.