CORNELIUS BORT AND WILLIAM B. IRVIN AS SUPER-VISORS, ETC., RESPONDENTS, *v.* ADAM J. SNELL, APPELLANT.

*Subscription paper — a promise by persons named in it to render future services will support an agreement of the signers to pay — the signers are severally liable — an action will lie by persons to whom the promise is made — when the discharge of an indebtedness is equivalent to a payment to the credit of the debtor.*

This action was brought by the plaintiffs upon a written instrument signed by the defendant and other taxpayers of the town of Orleans, by which in consideration of the bringing and prosecuting of a *certiorari*, in which certain bonds of the town of Orleans were declared by the Court of Appeals to be void, and in consideration of the money and efforts spent by the plaintiffs, the committee appointed by the taxpayers of the town to oppose the bonding of the town,

and "in consideration of the said committee taking such other steps as may be necessary to render the decision of the Court of Appeals in said case of benefit to the said town, and to enable said committee, if necessary, to take further legal proceedings for the purpose of having the bonds issued by the railroad commissioners of said town of Orleans delivered up and canceled and the subscription of said town for the stock of said railroad company, canceled and the town released from the same," the signers "do hereby agree mutually among ourselves and with the said (plaintiffs naming them) committee as aforesaid, to pay to Brainard Everett, a treasurer duly appointed by opponents of the bonding of said town of Orleans, or such other person as may be duly appointed as treasurer in his place, the amount respectively set opposite our names * * * whenever the money * * * now in the hands of the collector shall either be paid over to the county treasurer of said county of Jefferson to the credit of the said town of Orleans, or paid back to the taxpayers respectively of whom the same was collected."

In an action brought by the persons named in the instrument as the committee of the taxpayers, to recover the amount set opposite the name of one of the signers:

*Held,* that the third consideration specified in the instrument being for future services, which had been rendered, was sufficient to support the defendant's promise to pay.

That the promise of the subscribers was not a joint one, and that a separate action was properly brought against one subscriber to recover the amount set opposite to his name.

That the action was properly brought by the individuals named as the committee as plaintiffs, and that it need not be brought by the person named in the instrument as treasurer, to whom the money was to be paid.

That a payment of the moneys referred to in the instrument by the supervisors of the town in discharge of its audited accounts, was a payment "to the credit" of the town within the meaning of the agreement.

APPEAL from a judgment of the Jefferson County Court, affirming a judgment in favor of the plaintiffs rendered by C. M. PARIS, a justice of the peace in the city of Watertown.

The defendant Snell with others, on June 3, 1873, executed and delivered to the plaintiffs the following agreement:

"We, the undersigned taxpayers of the town of Orleans, in consideration of the bringing and prosecuting of the *certiorari* in the case of the Orleans bonding to the Court of Appeals, whereby it was finally decided that the bonding of said town of Orleans for the Clayton and Theresa Railroad was illegal and the whole proceeding was decided void, and in consideration of the money and efforts spent by Cornelius Bort, Albion A. Hughes and William B. Irvin, the committee of the taxpayers of said town, duly appointed by said

taxpayers for the purpose of opposing said bonding, and in con-
sideration of the said committee taking such other steps as may be
necessary to render the decision of the Court of Appeals in said case
of benefit to the said town, and to enable said committee, if neces-
sary, to take further legal proceedings for the purpose of having
the bonds issued by the railroad commissioners of said town of
Orleans delivered up and canceled, and the subscription of said
town for the stock of said railroad company canceled and the town
released from the same, do hereby agree mutually among ourselves
and with the said Cornelius Bort, Albion A. Hughes and William
B. Irvin, committee as aforesaid, to pay to Brainard Everett, the
treasurer duly appointed by opponents of the bonding of said town
of Orleans, or such other person as may be duly appointed as
treasurer in his place, the amount respectively set opposite our
names, being the amount of railroad tax which was collected of us
respectively in the years 1872 and 1873, whenever the money col-
lected in said town of Orleans for railroad purposes in the years
1872 and 1873 and now in the hands of the collector, shall either be
paid over to the county treasurer of said county of Jefferson to the
credit of the said town of Orleans or paid back to the taxpayers,
respectively, of whom the same was collected.

"Dated *June* 3, 1873."

Theretofore the plaintiffs had been parties to a proceeding on
*certiorari* which they carried to the Court of Appeals at their own
expense, where it was decided that the proceedings for bonding the
town of Orleans and the bonds issued by virtue thereof were null
and void.  (Reported 56 N. Y., 296.)

Having received the said agreement the plaintiffs aided in the prose-
tion of the *Newton* v. *Keech* suit, an action commenced against
Keech, as collector of the town of Orleans, for the purpose of
restraining him from paying over to the alleged railroad commis-
sioners the sum of $8,154.75 collected by him pursuant to his
warrant to pay certain interest claimed to be due on the bonds of
said town issued in aid of the railroad company, and being the same
money referred to in the agreement as the railroad tax collected
in 1872 and 1873, and now in the hands of the collector of said
town.  In 1876 plaintiffs procured the passage of a special act of the
legislature, by which the identical moneys, $8,154.75, enjoined in

the hands of Keech, were transferred to the hands of Pliny Newton, the supervisor of said town, subject to the same claims by the owners of the interest coupons as in the hands of Keech.

Immediately after such transfer the suit of *Biddlecome* v. *Newton*, as supervisor, was commenced for the recovery of the $8,154.75 delivered to Newton in pursuance of the act of the legislature. The plaintiffs assisted in the defense of this action. They attempted to find the bonds and have them canceled. The moneys received by Newton in 1876 were retained by him until after the termination of the *Biddlecome* v. *Newton* suit, when, November 19, 1878, the sum of $7,702.15 was paid to the county treasurer to the credit of the town of Orleans. The balance of said $8,154.75 was paid by Newton on audited accounts of said town. Newton was supervisor in 1876 but not in 1877 and 1878.

*C. W. Thompson*, for the appellant.

*L. J. Dorwin*, for the respondents.

Hardin, P. J.:

Defendant executed the paper which recites three considerations. Two of them were passed; the third one was recited, viz.: " And in consideration of the said committee taking such other steps as may be necessary to render the decision of the Court of Appeals in said case of benefit to the said town to enable said committee, if necessary, to take further legal proceedings." Other steps were taken. Plaintiffs performed services in reliance upon the subscription of the defendant. The considerations named were adequate to uphold the subscription. (*Presbyterian Society* v. *Beach*, 74 N. Y., 72.)

*Second.* The words do " agree mutually," when construed in the light of the surrounding circumstances leading up to the subscription, evidently relate to the agreement between the several subscribers among themselves and to themselves. They say in effect, we among ourselves and with each other mutually do promise each other that we respectively will pay the amount, etc.

So far as the promise is to pay to the plaintiffs it is not a joint one, but each subscriber respectively promises to pay to the committee, to wit, the plaintiffs. The action was properly brought against one subscriber upon his parol promise to pay the amount

set opposite his name respectively. Defendant's promise was separate and complete, independent of every other one's promise, in so far as it was with, for and to the plaintiffs or beneficial to them. Can the action be maintained by the plaintiffs? In answering this question we must first consider the nature and object of the agreement the defendant entered into. It was to induce further action and service upon the part of the plaintiffs.

It was to indemnify or compensate them for such further action and service. True, in form, it was to pay to a treasurer named, or to be named, who apparently was made the receptacle or custodian for and in behalf of the plaintiffs. In *Piggott* v. *Thompson* (3 Bos. & Pull., 147) the commissioners were appointed by the act of parliament to drain certain "fell lands." They let the tolls to the defendants for three years, who had hired for so much per annum, "to be paid to the treasurer of the commissioners at his house in Ely." But defendant paid part of the tolls to the commissioners, who brought an action to recover the balance. It was held that the action would lie. HEATH, J., said : It appears to me that the appointment to pay the treasurer "was meant for the benefit of the commissioners, and they alone can sustain the action."

This case was followed in *Buckbee* v. *Brown* (21 Wend., 110), where it was said remedies must be pursued in the name of the party in interest, and not in the name of the agent who made the contract or whose duty it is to make the collection of moneys accruing under such contract. If we turn to section 449 of the Code of Civil Procedure, we find a statutory declaration that "every action must be prosecuted in the name of the real party in interest." The rule is general, but then there are exceptions provided for in the same section, such as cases when the action may be prosecuted by an executor or administrator, a trustee of an express trust, etc. The provision is brought forward from the old Code (§§ 111, 113).

In *Considerant* v. *Brisbame* (22 N. Y., 392) the general rule is considered and the force of the language applying to trustees of an express trust. In that case it was held that an agent of a foreign corporation named in the subscription note might maintain an action. The legislation was regarded as enabling. A similar view of the legislation was taken by the Court of Appeals in *Hubbell* v. *Medbury* (53 N. Y., 102), where FOLGER, J., says, in speaking of section

113 of the Code of Procedure, viz.: "That is permissive. The trustee of an express trust may by it sue without joining the beneficiaries. It does not forbid an action by them or by him with them." A like construction was given to sections 111 and 113 of the Code in *Cridler* v. *Curry* (66 Barb., 336).

Having made a promise to the plaintiffs for their benefit and protection, the duty to or obligation of the defendant to the plaintiffs remains until extinguished by satisfaction or dischaged by a release. If the plaintiffs had executed to the defendants a release and discharge of his promise, would not the right of recovery have been gone? Could the treasurer referred to in the agreement still have maintained an action on the defendant's promise? We think not, and we think a payment to the plaintiffs voluntarily, or by satisfying the judgment before us effectually bars a recovery by all other persons upon the defendant's liability.

We are referred by the appellant to Cross and others *Trustees* v. *Jackson* (5 Hill, 478) to sustain his position, that the action might have been or should have been brought in the name of the treasurer. In that case there was a direct promise to pay "such trustees the amount of their subscriptions." That was held sufficient to give a right of action to the trustees of the ferry association. We find nothing in the case conflicting with the views we have expressed.

By the terms of the defendant's promise he was to pay "whenever the money collected in 1872 and 1873, then in the hands of the collector, was paid over" to the credit of said town of Orleans. The proof shows that the town received the credit and benefit of the whole money. When it applied $1,000 in payment of its indebtedness it had the beneficial "credit." It obtained the valuable advantage which the defendant made the condition precedent to his obligation to pay the plaintiffs becoming effectual and mature. (*Smith* v. *Pettee*, 70 N. Y., 13; *Gray* v. *Gannon*, 4 Hill, 77.)

If the views we have expressed are correct, they lead to an affirmance. We are under a legislative requirement to "render judgment according to the justice of the case, without regard to the technical errors or defects which do not effect the merits." (Code of Civ. Pro., § 3063; *Bort* v. *Smith*, 5 Barb., 283; *Wells* v. *Cone*, 55 id., 585.)

According to our views the plaintiffs were entitled to recover

irrespective of any facts disclosed in parol evidence as to what was said at the time the defendant executed the promise contained in the subscription paper. Upon the merits we believe the judgment given by the justice to be right.

Judgment of the County Court of Jefferson county affirming a justice's judgment is affirmed, with costs.

FOLLETT and KENNEDY, JJ., concurred.

Judgment of the County Court of Jefferson county affirming the justice's judgment affirmed, with costs.