West v. Crosby.

---

# City Court.

### General Term—March, 1886.

## JOHN W. WEST *against* HIRAM B. CROSBY ET AL.

**Administrator's bond. Liability of sureties. Jurisdiction.** The sureties of an administrator are liable for costs awarded against their principal, in a proceeding in the surrogate's court "touching the administration of the estate." The decree or order to pay is all that is necessary to warrant the action against the sureties. The city court has jurisdiction of such an action.

Appeal from judgment entered on order overruling demurrer.

McADAM, Ch. J.—The city court has jurisdiction of any common-law action wherein the amount finally recovered does not exceed $2,000 (*Code*, §§ 315, 316). The present action is comprehended by these broad provisions.

The bond signed by the defendants is conditioned that " if Sarah L. Fuller shall faithfully execute the trust reposed in her as adminstratrix of all and singular the goods, chattels and credits of Jim Billings Fuller, late of the city of New York, deceased, and shall obey all orders of the surrogate of the county of New York, touching the administration of the estate committed to her, then the obligation is to be void, otherwise to remain in full force."

After the execution of this bond,—to wit, on April 22, 1879,—letters of administration were issued to the said Sarah L. Fuller, by the surrogate of New York county.

On September 28, 1885, in a proceeding for that purpose had in the surrogate's court, a decree was duly made and entered by the surrogate, revoking the said letters of administration and ordering the administratrix to render an account of her proceedings and to pay and deliver over to her successor in office, all money and other property in her hands, and directing her to pay to Sarah H. Burgess the sum of $280.50, as the costs and disbursements of the said proceeding.

The decree was duly docketed, and a copy duly served upon Sarah L. Fuller, who disobeyed the surrogate's order by refusing to pay said costs and disbursements. Execution was duly issued and returned unsatisfied. The decree was assigned to the plaintiff, and the surrogate made an order permitting him to prosecute the said bond according to the statute in such case made and provided.

The defendant demurred to this complaint, on the ground that it did not state facts sufficient to constitute a cause of action. The court at special term overruled the demurrer ; and from the judgment entered on this order the present appeal is taken.

West *v.* Crosby.

The defendant's, counsel relies entirely upon technical objections to sustain his demurrer. He claims that the sureties cannot be held for the costs awarded; but we think they can. The order disobeyed by the administratrix was for the payment of $280.50, costs and disbursements of " said proceeding." It was made " touching the administration of the estate," and was within the terms of the bond. The decree was against the principal in a proceeding relating to the estate. It embodied several orders " touching the administration," and the surrogate, as an incident of the administration, ordered the payment of a fixed sum as costs.

The authorities cited by the respondent in his points sufficiently show his right to maintain the action.

The theory presented by the defendants that an accounting must be had and the administrator's ability to pay established, before suit brought, cannot be sustained (see Taylor *v.* Clark, 48 *Barb.* 243 ; affd, 41 *N. Y.* 620 ; S. C., 4 *Abb. Ct. App. Dec.* 391). There was certainly no need of an accounting here, because the principal on the bond was ordered to pay these costs, irrespective of the condition of the estate. Costs are incident to all legal proceedings, as well as to the administration of intestate's estates, and are as fully comprehended by the official bond of an administrator as any other contingent liability growing out of the administration can be. The defendants argue that the official bond is only to protect existing creditors of the estate. This is so to an extent; but it embraces costs which, those creditors may subsequently incur and recover, and the payment of which may be enforced as well as the debt (*Laws* 1837, chap. 469, § 63 ; *Code,* § 2807).

It is said that these costs were awarded against the principal personally. This may be so; but they were awarded " in proceedings touching the administration of the estate," and were incidental thereto. The order to pay was one of the lawful orders of the surrogate which

the sureties agreed that their principal would obey. The principal did not pay, and there is no just reason why her sureties should not (*Code*, §§ 2607, 2609). There are no merits in the appeal, and unless there is some hidden technicality which prevents the application of plain legal principles to this case, the judgment appealed from must be affirmed, with costs.

HYATT and BROWNE, JJ., concur.