AUGUST C. NANZ, Appellant, v. JESSE OAKLEY, Respondent.

*Court of Appeals, October 7, 1890.*

*Parties. Waiver.*—Though the decree of the surrogate may not have authorized the plaintiff, who was the assignee of a claim represented by such decree, to bring an action in his name upon the administrator's bond, yet, where he was entitled, at the time of the commencement of the action, to the money due upon the decree, and the complaint set forth all the facts requisite to the objection that he had not legal capacity to sue, such objection, if not raised by demurrer, is waived; and error cannot, upon appeal, be predicated upon the fact that the person, in whose favor the decree was entered, was the proper party to bring the action.

Motion for reargument,

*David Thornton,* for motion.

*Wm. H. Arnoux,* opposed.

BRADLEY, J.—The main ground of the motion is that the action cannot be supported in the name of the plaintiff, and that the question whether he was a proper party plaintiff for its maintenance was not considered in the determination of the appeal by this court. The practice formerly was for the surrogate granting administration to cause the administrator's bond to be prosecuted at the request of the party aggrieved by its forfeiture. People *v.* Dunlap, 13 Johns. 437. And this was pursuant to statute. 1 R. L. 447, § 10 ; Laws 1830, chap. 320, § 23 ; 2 R. S. 2 ed. 53, § 19. There was also a later statute concurrently operative with that last before mentioned, and which provided for the assignment of the bond by the surrogate to the party in whose favor a decree was entered, after the return of the execution unsatisfied, to be prosecuted by such party. Laws 1837, chap. 460, § 65 ; People *v.* Guild, 4 Denio. 551. While under the former of such statutes the action upon the bond was prosecuted by the surrogate, under the latter, by virtue of its assignment, the action after the Code might be brought in the name of the person in whose favor the decree was entered. Thayer *v.* Clark, 48 Barb. 243 ; Baggott *v.* Boulger, 2 Duer, 160 ; Cridler *v.* Curry, 44 How. 345 ; People *v.* Demarest, 4 Abb. 292.

The bonds of administrators then, as was the bond in the present case, were made in the name of the people, and it may be assumed that they could be prosecuted at law in the manner only as authorized by the statute. Annett *v.* Kerr, 2 Rob. 556. The statute providing for the assignment of such bonds by the surrogate was repealed by Laws 1880, chap. 245 ; and the provisions for prosecution of them are now found in the Code Civ. Pro., §§ 2607, 2608, 2609. They

provide for the prosecution of the bond, 1. In the name of the person in whose favor decree was made on return of execution unsatisfied. 2. By the successor of the defaulting administrator whose letters have been revoked. 3. By any person aggrieved, in behalf of himself and all others interested, upon obtaining leave by order of the surrogate so to do in case letters of an administrator have been revoked and no successor appointed. The plaintiff comes within neither of these provisions of the Code. He was, however, the assignee of the claim represented by the surrogate's decree, upon which execution was returned unsatisfied. Although the order of the surrogate may not have authorized the plaintiff to bring the action in his name, it may be assumed that he at the time of the commencement of the action, was entitled to the money due upon the decree; and the question was one of his legal capacity to sue. This question is not presented in such manner as to require consideration. The complaint set forth all the facts requisite to such objection, which was not taken by demurrer or answer. The statute upon that subject provides that the defendant may demur where it appears upon the face of the complaint that the plaintiff has not legal capacity to sue. Id. § 488. And if such objection is not taken either by demurrer or answer, the defendant is deemed to have waived it. Id. § 499.

It follows that error cannot be predicated upon the fact that the administrator, in whose favor the decree was entered, was the proper party to bring the action.

The motion should be denied.

All concur.