ALFRED S. HUBBELL, Trustee, etc., Appellant, *v.* JOSEPH MEDBURY et al., Respondents.

A trustee of the equity of redemption in mortgaged premises cannot become the purchaser upon foreclosure, so as to remove them from the operation of the trust. He is liable to be called upon by the *cestui que trust* to account therefor, and for the rents and profits thereof.

This liability accrues as soon as he takes possession of the premises under the foreclosure sale and begins openly and notoriously to occupy them

as his own, asserting an individual right thereto; and as against the cause of action, thus arising, the statute of limitation then begins to run. The cause of action is not suspended until the appointment of a new trustee, nor is the right of the *cestui que trust* to bring suit affected by section 113 of the Code, authorizing a trustee of an express trust to sue without joining the beneficiaries; that section is permissive, and does not forbid an action by the latter.

Accordingly *held,* that an action against one who, while acting as trustee, had purchased certain premises, part of the trust estate, upon foreclosure, and taken possession of the same as his own to compel him to account therefor by a trustee subsequently appointed, brought more than ten years after such purchase and taking possession, was barred by the statute of limitations.

(Argued May 22, 1873; decided June 3, 1873.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, affirming a judgment in favor of defendants, entered upon the decision of the court upon trial at Special Term.

This action was brought by plaintiff, as trustee, etc., of Alfred Hubbell, against defendant, a former trustee, to compel him to account for the rents, profits and avails of certain real estate claimed to belong to the trust estate.

On the 21st of December, 1848, said Hubbell and wife executed to defendant Medbury a mortgage upon certain premises, situate in the city of Rochester, for $1,000. On the 12th of January, 1849, Hubbell executed to Medbury and E. Darwin Smith a general assignment of all his property for the benefit of creditors, including the premises so mortgaged. Medbury thereafter foreclosed his mortgage, and on the 24th of July, 1849, purchased the same at foreclosure sale. He immediately took possession, claiming them as his own, and thereafter so held them. On the 7th of March, 1863, Medbury and Smith were, upon petition, permitted to resign the trusts, and plaintiff was appointed trustee in their stead. This action was commenced July 21, 1869.

*J. D. Kernan* for the appellant. The sale to Medbury was in direct violation of the statute. (3 R. S. [5th ed.],

859, §§ 1–8.) The property continued to be trust property and Medbury remained liable to account for it as such. (*Davone* v. *Fanning*, 2 J. Ch., 252; *Van Epps* v. *Van Epps*, 9 Paige, 237; *Slade* v. *Van Vechten*, 11 id., 21; *De Carters* v. *Le Ray*, 3 id., 178; *Ex parte Lacey*, 6 Vesey, 625; *Ex parte Bennett*, 10 id., 385.) This action accrued when Medbury resigned his trust within ten years before its commencement. (Code, §§ 74, 97; *Hubbell* v. *Sibley*, 50 N. Y., 468.) Plaintiff is the only proper party to bring this action. (Code, § 113; *Mellen* v. *Ham. F. Ins. Co.*, 5 Duer, 101.)

*W. F. Cogswell* for the respondents. Medbury had a right to purchase the mortgaged premises, provided he paid a greater sum than any other person. (2 R. S., 545, § 7.) Medbury's estate as mortgagee was not merged in his estate as assignee. (*James* v. *Morey*, 2 Cow., 246–284; *Reid* v. *Latson*, 15 Barb., 9; *Bascom* v. *Smith*, 34 N. Y., 320, 324; *Sheldon* v. *Edwards*, 35 id., 279; *Lansing* v. *Woodworth*, 1 Sandf. Ch., 43, 45.) Medbury's purchase was not void, but voidable only at the election of the *cestuis que trust*, if exercised in a reasonable time. (*Bostwick* v. *Atkins*, 3 Comst., 53; *Olcott* v. *Tioga R. R. Co.*, 27 N. Y., 546, 564; *Jewett* v. *Miller*, 10 id., 402; *Slade* v. *Van Vechten*, 11 Paige, 21; *Jackson* v. *Woolsey*, 11 J. R., 446.) They, and not the plaintiff, can raise the question. (*Boerum* v. *Schenck*, 41 N. Y., 182, 188, 196.) The right to purchase by the mortgagee under decree of foreclosure is secured to the mortgagee. (2 R. S., 545, § 8; Rule 135 Court of Chancery; Rule 72 Sup. Court; 1 Barb. Ch. Pr., 528.) Plaintiff's action is barred by the statute of limitations. (*Hubbell* v. *Sibley*, 50 N. Y., 468; *Bergen* v. *Bennett*, 1 Caine's Cas., 19; *Demarest* v. *Wyncoop*, 3 J. Ch., 129, 145; *Mohawk Bk.* v. *Atwater*, 2 Paige, 54, 60, 61; *Cunningham* v. *Cassidy*, 17 N. Y., 276; Hill on Trustees, 168, 9 marg. pag. and notes.)

FOLGER, J. It is not necessary for the conclusions to which we have reached, to consider whether the statutory

right which a mortgagee has to become himself the pur-
chaser on a mortgage foreclosure by advertisement, is equiv-
alent to a permission to a trustee so to do, in a decree for the
sale of trust property.    For the purposes of this case we
may treat it, as that of one who being trustee of the equity
of redemption has bought the same at a sale thereof.
Medbury, if considered as trustee of the equity of redemp-
tion in the mortgaged premises, for the creditors of Alfred
Hubbell primarily, and for Alfred Hubbell secondarily, could
not become the purchaser of the premises at the foreclosure
sale, so as to remove them from the operation of the trust.
He was still liable to be called upon by his *cestuis que trust*
to account for the same, and the rents and profits thereof.
(*Slade* v. *Van Vechten*, 11 Paige, 21.)    This liability accrued
as soon as he took possession of the premises in pursuance
of the foreclosure sale, and began openly and notoriously to
occupy them as his own, asserting an individual right thereto.
The *cestuis que trust* could at once have come to the
court, and have set aside the sale, and have had the premises
re-exposed for sale. (*Davoue* v. *Fanning*, 2 J. Ch. R., 252.)
Or they could at any time afterward, until their rights
were lost or otherwise extinguished, have called upon the
trustee to have accounted for the rents and profits of the
property, and the property itself, the same as if he had bought
it for them or still held it for them, notwithstanding the sale.
If, then, this right of action of the *cestuis que trust* was
subject to the operation of the statute of limitations, that
statute began to run on the 10th day of October, 1849, which
was the day on which Medbury took possession of the
premises as his own.

The principles laid down in the opinion in *Hubbell* v.
*Sibley* (50 N. Y., 468), sustain the conclusion that such
right of action was so subject; and that the right of
action expired after ten years from the time at which it
accrued. (Code of Pro., §§ 74, 97; 2 R. S., p. 301, § 52.)
And as this suit was not begun until July, 1869, ten
years had for some time gone by.    But it is claimed by

the plaintiff that in this case the cause of action did not accrue until he was appointed trustee instead of Medbury, which was in June, 1863. It is true that the plaintiff as trustee had no cause of action before that time. Nor had he any cause of action then, unless those whom he represented then had one. The fact that Medbury, as trustee, could not sue Medbury as an individual, did not suspend the cause of action against him. Any of the *cestuis que trust* could have sued; the assignor or any of his creditors who were interested in the assignment and in the trust fund. The plaintiff on his appointment as assignee acted not in his own right, but in a right to which he succeeded officially; and represented interests and rights which had begun before he became concerned for them as trustee. If the right to bring an action was in being at a date earlier than that of his accession to the office, he took the right as it then was, and if lost to his *cestuis que trust* by the running of the statute, it was lost to him.

For the purposes of this case it is not needed, that it be decided whether or no a trustee can bring such an action as this unless at the request of his *cestuis que trust*.

It is said that until the appointment of the plaintiff as the seccessor of Medbury there had been no refusal by the latter to account for the property and to surrender the trust estate. But when Medbury foreclosed his mortgage and took possession of the premises as his own, and notoriously held them as his own, he did declare to all interested that he held it in hostility to their rights, as discharged from the operation of the trust, no longer as their trustee but as his own. This gave cause of action and set in motion the statute.

The plaintiff claims that the assignor, and his creditors interested in the assignment, could not maintain an action without the plaintiff. The cases above cited are authorities to the contrary. And see also Hill on Trustees, 518, 519; Story on Eq. Jur., §§ 465, 512. Nor does section 113 of the Code of Procedure affect the question. That is permissive. The trustee of an express trust may by it sue without joining

the beneficiaries. It does not forbid an action by them, or by him with them.

It is further claimed that an action having been commenced before the foreclosure proceedings by creditors of the assignor, in which an injunction order was made restraining Medbury and his co-assignee from disposing of or interfering with the assigned property, which injunction order was still in force, the right of action was suspended thereby and the statute ceased for the time to run. It is not evident how such could be its effect. The injunction operated only upon the assignees to disable them from action. The *cestuis que trust* were not enjoined. They could have proceeded with the suit begun, and could have brought another. Moreover there is no finding by the Special Term, that there was an action and an injunction order. Nor is there any finding, that there was irregularity in the sale on foreclosure. And as the question of the effect of the manner of conducting that sale will be more fully considered in another case before us, it is expressly excluded here as not in this case.

The judgment appealed from should be affirmed, with costs.

All concur.

Church, Ch. J., and Andrews, J., not sitting.

Judgment affirmed.