Mabie v. Bailey.

---

IDA MABIE, Plaintiff, *against* LEWIS H. BAILEY, as Executor &c. of Benjamin Bailey, Deceased, Defendant.

(Decided March 15th, 1883.)

After a trust has been created by a deposit of money in a savings bank in the name of the depositor in trust for another, the mere withdrawal by the depositor of the money from the bank, not being inconsistent with the trust, does not render him liable to an action by the beneficiary, and

does not, therefore, set the Statute of Limitations running against the latter.

Making a deposit of money in a savings bank to the credit of the depositor "in trust for" another, may create a valid trust for the benefit of such other person, unless shown not to have been intended as such by facts and circumstances surrounding the transaction; but subsequent acts and declarations of the depositor cannot be resorted to for the purpose of showing that he did not intend the deposit as a gift.

EXCEPTIONS taken at a trial term of this court, ordered to be heard in the first instance at the General Term.

Dr. Bailey, deceased, was a man of wealth, who resided and died in the city of New York, and deposited large sums of money in the New York Savings Bank to the credit of various accounts. Among other deposits on the 30th day of July, 1864, he deposited the sum of $400 to the credit of B. Bailey in trust for Ida Mabie, the plaintiff. The fact of having made this deposit (with others) the deceased communicated to the mother of the plaintiff, and when she wanted to have the money deceased said no; they could have it when they grew older. In July, 1867, the deceased drew out the amount standing to the credit of this account, as well as to the credit of other accounts, and on the same day deposited to his credit the sum of $3,000 as trustee. He also opened three other accounts, in which he made deposits at or about the same time. In these books the word trustee followed the name of the deceased, which seems to have been inserted after the accounts were opened.

Dr. Bailey never communicated to the plaintiff the fact that he had withdrawn the money from the savings bank, and she had no knowledge of the fact until some time after Dr. Bailey's death, which occurred on the 5th of July, 1879.

The plaintiff became of age April 4th, 1878. This action was commenced on the 3rd day of November, 1881, to recover of the executor of Dr. Bailey the amount so withdrawn by him from the bank, with interest.

A verdict was directed for the plaintiff, and the defendant's exceptions were ordered to be heard in the first instance at the General Term.

*William Fullerton*, for plaintiff.

*William F. Cogswell*, for defendant.

VAN BRUNT, J.—[After stating the facts as above.]—
The defense of the Statute of Limitations cannot prevail in
the case at bar, because, if the acts of Dr. Bailey in making
the deposit as he did made him the trustee of the plaintiff,
he did no act inconsistent with that relation which would
have set the Statute of Limitations in operation. The
mere fact of his withdrawing money with or without the
knowledge of the plaintiff was not an act inconsistent with
his position as trustee. He had the right to change the
investment if he saw fit or deemed it for the advantage of
his *cestui que trust*, and therefore the mere taking of the
money from the bank was not such an open and notorious
assertion of ownership as would have made him liable to an
action, and until a right of action accrues the statute can-
not begin to run.

In the case of *Hubbell* v. *Medbury* (53 N. Y. 98), the
court held that when the trustee begins openly and notori-
ously to use trust property as his own, asserting an indi-
vidual right thereto, the liability accrues and the statute
begins to run. It clearly cannot begin to run before,
because, as long as the acts of the trustee are not inconsist-
ent with his character as trustee, no presumption can arise
that he intended to violate his trust, so that the *cestui que
trust* would be called upon to act.

The case of *Martin* v. *Funk* (75 N. Y. 134) seems to hold
that the making of the deposit in the bank in the way in
which Dr. Bailey did in the case at bar, would constitute a
valid gift, unless, perhaps, it might be shown not to have
been intended as such by facts and circumstances sur-
rounding the transaction.

Great stress has been laid upon the subsequent acts of
Dr. Bailey as showing that he did not intend this deposit as
a gift, but I fail to see how any subsequent acts or sayings
of Dr. Bailey can be resorted to for this purpose. If it

Mabie v. Bailey.

were a gift, he could not unmake it or revoke it by any subsequent act or deed. Certainly, years after he had made what in law was a valid gift, the deceased could not change its character by any declarations he might make, nor could he do so by any acts which he might do ; and therefore the question must be determined by what occurred at the time.

It is claimed that these deposits were made in trust in order to secure larger rates of interest at the bank, but this intent is inconsistent with the testimony that he informed the mother of the plaintiff that he had made this provision. It is true that he denied the mother's request to be paid the money then, but this denial is entirely consistent with the creation of a valid trust to be closed with the minority of the beneficiary.

The various cases decided upon this point might be reviewed for the purpose of showing the general tendency of decisions in this state, but this would be only going over ground so ably covered by the opinion of our late learned Chief Justice CHURCH in the case of *Martin* v. *Funk*.

I am of the opinion, from the facts disclosed at the trial of this cause, that the deceased intended to and did make a valid gift of this money to the plaintiff by making the deposit in the manner in which he did.

As to the rate of interest allowed, it seems to have been entirely in accordance with the rule that where a trustee mingles trust funds with his own, he shall be charged with legal interest.

The exceptions of the defendant should be overruled, and judgment upon the verdict entered for the plaintiff, with costs.

CHARLES P. DALY, Ch. J., and J. F. DALY, J., concurred.

Exceptions overruled and judgment directed for plaintiff, with costs.*

---

* The judgment entered upon this decision was affirmed by the Court of Appeals February 26th, 1884 (see 95 N. Y. 206).