THE PEOPLE OF THE STATE OF NEW YORK *v.* THE OPEN BOARD OF STOCK BROKERS BUILDING COMPANY OF THE CITY OF NEW YORK. RASTUS S. RANSOM, Receiver, etc., Respondent; SAMUEL McMILLAN, Purchaser, Appellant.

In proceedings to compel a purchaser of real estate, at a receiver's sale, to complete the purchase, the receiver claimed title under two deeds ; one dated March 21, 1863, from an executor, having power under the will to sell the real estate, to a third person, having the same family name as the executor ; the other dated March 25, 1863, by said grantee, conveying the premises back to the executor, individually. The deeds were both recorded April 1, 1863, with an interval of but five minutes between. The receiver's sale was made January 11, 1882. No accounting or settlement of the estate by the executor had been had ; no explanation was made by the receiver, and no ratification of the transfer by those interested, under the will, was proved. *Held*, that the title was defective as it appeared that the conveyances were but one transaction, the executor acting in the double capacity of seller and purchaser ; and, therefore, the title was voidable at the election of the beneficiaries named in the will ; also that the lapse of time, it being less than twenty years, was not conclusive upon them.

The court below directed the purchaser to take the premises if the seller should produce sufficient evidence showing a confirmation of the executor's purchase by the proper parties. Such evidence to be taken in a proceeding instituted within sixty days. *Held* error ; that the purchaser should have been relieved wholly from his contract.

*People* v. *O. B. S. B. B. Co.* (28 Hun, 274), reversed in part.

(Argued March 20, 1883 ; decided March 30, 1883.)

CROSS APPEALS by Rastus S. Ransom, receiver of the defendant, above-named, and by Samuel McMillen, purchaser, from portions of an order of the General Term of the Supreme Court, in the first judicial department, made October 13, 1882, which reversed two orders of Special Term, one of which directed said McMillen, the purchaser of certain premises at a sale made by said receiver, to complete his purchase ; the other denied a motion by said McMillan to be relieved from said purchase. (Reported below, 28 Hun, 274.)

The order of the General Term contained this clause :

" Said receiver, notwithstanding the reversals of said two orders, may still enforce the contract to purchase said premises, which said McMillan, as the purchaser thereof as aforesaid, entered into, under said terms of sale, provided said receiver can produce evidence which shall be approved as sufficient by a justice of this court sitting at Special Term or Chambers, and to be taken in a proceeding which shall be instituted herein by action or by motion at any time within sixty days from the entry of this order, and of which motion (if that course be adopted), said McMillan is to have due notice, showing acquiescence in, or confirmation of, a purchase of said premises, on or about the 1st April, 1863, by one Albert Smith, from himself as sole surviving executor of the will of one Casper Meier, deceased, through one William H. Smith, by all the heirs at law of said Casper Meier, deceased, who died seized of said premises in February, 1837, and by all the *cestuis que trust* under the will of said Casper Meier, and by all parties to whom the rights and interests of said heirs and *cestuis que trust*, or of any of them, may have passed or may belong.

" Upon the decision of such motion in favor of the receiver (but always provided that said proceeding in which such evidence is to be taken shall have been commenced within sixty days from the time of the entry of this order), said McMillan, notwithstanding the said other preliminary objection which he has raised and presented to the court as aforesaid as to the title to said premises and which is designated as second in said Lindley's affidavit, and within twenty days after the entry of the order upon such motion, is hereby directed to complete his purchase of said premises."

The purchaser appealed from said clause of the order, the receiver from that portion of the order reversing the orders of Special Term.

By the .judgment in this action, which was brought to dissolve the defendant, a joint-stock association, said Ransom was appointed receiver of its property and effects on January 11, 1882 ; he sold the real estate in question at auction and McMillan became the purchaser and paid down ten per cent of

the purchase-money, but refused to complete the sale on the ground of alleged defects in title. The premises formerly belonged to one Meier, who died seized of them in 1837. By his will, Albert Smith and Laurenz Von Post were appointed as executors, and power was given them to sell the real estate; said executors qualified, and Von Post thereafter died. The receiver claimed title under two deeds, executed after the death of Von Post, one dated March 21, 1863, from said Albert Smith, as sole surviving executor, to William H. Smith, for the expressed consideration of $35,250, recorded April 1, 1863, at 3 : 05 P. M.; the other dated March 25, 1863, from said William H. Smith to said Albert Smith, individually, for the expressed consideration of $35,320, which was recorded April 1, 1863, at 3 : 10 P. M.

Further facts appear in the opinion.

*George Waddington* for purchaser, appellant. The description conveyed to and by McLean as a trustee. (*Christopher* v. *Stockholm,* 5 Wend. 36; *Thomas* v. *Dakin,* 22 id. 9; *Delafield* v. *Kearney,* 24 id. 345; *Hunt* v. *Van Alstyne,* 25 id. 605; *Ogdensburgh B'k* v. *Van Rensselaer,* 6 Hill, 240; *Merritt* v. *Seaman,* 6 N. Y. 168; *Peck* v. *Mallams,* 10 id. 509; *Mott* v. *Richtmyer,* 57 id. 63; *Towar* v. *Hale,* 46 Barb. 361; *Renaud* v. *Conselyea,* 4 Abb. Pr. 280; 5 id. 346.) The character or capacity of the grantee, or party to be sued, although differently described in the preamble, will be established by the form of the operative parts of the deed or declaration. (*Sutherland* v. *Carr,* 85 N. Y. 105, 110; *People* v. *Keyser,* 28 id. 226.) The misnomer was immaterial, for, both as to persons and corporations, distinguishing and not true names will clothe them with the character of grantor or grantee. (3 Washb. on Real Prop. 565; 3 Greenl. Crim. Real Est. 620, 621; 3 Greenl. Crim. 586; *Jackson* v. *Dunsbagh,* 1 Johns. Cas. 91; *Woodgate* v. *Fleet,* 64 N. Y. 566, 570.) The extrinsic circumstances show that there was an attempt to create a trust in McLean. (*Selden* v. *Vermilyea,* 3 N. Y. 525.) Such a trust as this could not exist under the rule of common law. (*Nicoll* v. *Walworth,* 4 Denio, 388;

*Bennett* v. *Garlock*, 79 N. Y. 302, 323.) The Revised Statutes have thoroughly accepted and perpetuated, to the furthest limit of its application, this doctrine of the common law, that the estate of a trustee can only co-exist with the activity of the trust. (1. R. S. 727, §§ 45, 47, 48, 49; 4 Kent's Com. [12th ed.] 308, 310; *Verdin* v. *Slocum*, 71 N. Y. 345, 347; *Rawson* v. *Lampman*, 5 id. 456; *Wright* v. *Douglass*, 7 id. 564.) The trust which the deed to McLean attempted to create cannot be sustained as a power to him to convey the premises to the defendants. (1 R. S. 729, §§ 56, 58; id. 732, §§ 73, 74; *Selden* v. *Vermilyea*, 3 N. Y. 525, 536.) The only force of the deed to McLean could have been to pass the title of the premises it conveyed to the *cestui que trust* named in the deed. (*Jackson* v. *Cory*, 8 Johns. 385; *Hornbeck* v. *Westbrook*, 9 id. 73; 1 Sharswood's Black. Com. 467; *Russell* v. *Topping*, 5 McLean, 194.) The deeds not being between the same parties cannot be construed as parts of one contract. (*Mott* v. *Richtmyer*, 57 N. Y. 49, 65; *Cornell* v. *Todd*, 2 Denio, 133; *Selden* v. *Vermilyea*, 3 N. Y. 535.) As a construction of the deed in this present appeal cannot bind or estop members of the association from claiming that the deed vested them with title, the purchaser is entitled to be relieved from his purchase. (*Jordan* v. *Poillon*, 77 N. Y. 519; *Argale* v. *Raynor*, 20 Hun, 267.) One who stands in a fiduciary capacity cannot, under any circumstances whatsoever, purchase or deal with the property he holds in trust. (Lewin on Trusts and Trustees [2d Am. ed.], 394–398, 402; *Davoue* v. *Fanning*, 2 Johns. Ch. 252, 259; *Monro* v. *Allaire*, 2 Caines' Cas. 182; *Michoud* v. *Girod*, 4 How. 503; *Dobson* v. *Racey*, 3 Sandf. Ch. 60; *Ames* v. *Downing*, 1 Bradf. 321, 324; *Gardner* v. *Ogden*, 22 N. Y. 327; *Forbes* v. *Halsey*, 27 id. 53, 65; *Van Epps* v. *Van Epps*, 9 Paige, 237; *Iddings* v. *Bruen*, 4 Sandf. Ch. 263; *Jewett* v. *Miller*, 10 N. Y. 402; 1 Perry on Trusts, 241.) The heirs of Caspar Meier still retain all their rights to attack the purchase of Albert Smith. (*Hawley* v. *Cramer*, 4 Cow. 717, 743; *Hatch* v. *Hatch*, 9 Ves. 291; *Dobson* v. *Racey*, 3 Sandf. Ch. 66; *Johnson* v. *Bennett*, 39 Barb. 237; Lewin

on Trusts and Trustees [2d Am. ed.], 402; *Watson* v. *Town*, 2 Mod. 153; *Jordan* v. *Poillon*, 77 N. Y. 519; *Argale* v. *Raynor*, 20 Hun, 567.) The General Term were correct in including the amount of the mortgage mentioned in the seventh subdivision of the terms of sale in the amount of the bid. (*Williams* v. *Millington*, 1 H. Bl. 81, 85.)

*J. Sanford Potter* for receiver, respondent. The title was in the deeds of McLean, as trustee for the association of the Open Board of Brokers of the city of New York, must be regarded as nothing more than a *descriptio personae;* the legal title vested in him individually, and he conveyed it to the defendant by the same form of description. (*David* v. *Williamsburgh F. Ins. Co.*, 83 N. Y. 265; *Tower* v. *Hale*, 46 Barb. 361; *Renaud* v. *Conselyea*, 5 Abb. Pr. 346; *Ogdensburgh Bk.* v. *Van Rensselaer*, 6 Hill, 240; *Merritt* v. *Seaman*, 2 Seld. 168; *Nat. Bk.* v. *Vanderwerker*, 74 N. Y. 243; 1 Laws of 1867, chap. 289, p. 576; Const., art. 17, § 7; id., art. 24.) Crocker is estopped to deny that title passed from him to "McLean, as trustee," by his deed. (*Tilton* v. *Nelson*, 27 Barb. 595; *Wood* v. *Seely*, 32 N. Y. 105; *Holbrook* v. *Chamberlin*, 115 Mass. 155; *Johnson* v. *Bennett*, 39 Barb. 237; *Jackson* v. *Stevens*, 16 Johns. 110.) The provisions of the Revised Statutes as to conveyances in trust do not impair this title. (1 R. S. 772, § 64; *Jackson* v. *Schoonmaker*, 2 Johns. 230; *Matter of Mason*, 4 Edw. 418; *Farmers', etc., Co.* v. *Curtis*, 7 N. Y. 466; *Chautauqua Co. Bk.* v. *Risley*, 19 id. 369; *Nelson* v. *Eaton*, 26 id. 410; *Sistare* v. *Best*, 88 id. 527, 537; 1 R. S. 728, § 51; *Hurst* v. *Harper*, 14 Hun, 280; *Everett* v. *Everett*, 48 N. Y. 218; *Hubbard.* v. *Gilbert*, 13 W. D. 494.) If the association of the Open Board of Stock Brokers could have taken title, that title would be subject to that of the Building Company, as it was created for the purpose of being transferred to that corporation. (*Ransom* v. *Lampman*, 5 N. Y. 455.) If this deed to McLean was in fact upon some trust, it was not necessary that the trust be declared or evidenced by the deed. (*Wright* v. *Douglass*, 7 N. Y. 564; *Bennett* v.

*Garlock,* 79 id. 302.) , If the defect can be cured, the purchaser may be compelled to complete his purchase. (*Dutch Church* v. *Mott,* 7 Paige, 85 ; *Grady* v. *Ward,* 20 Barb. 543.)

FINCH, J. An examination of the title questioned by the purchaser discloses two deeds, which constitute links in the chain, from an executor to a third person, and from the latter back to the executor under whom, as an individual, the present vendor claims. The deeds are dated within four days of each other, and were recorded upon the same day with an interval of but five minutes between. The person through whom the title thus passed to the executor bore the same family name, and a search in the surrogate's office shows that no accounting or settlement of the estate has been had before that officer. The deeds in question were made in 1863. The receiver gives no explanation of these facts, proves no ratification by those interested under the will of Meier, and relies wholly upon their presumed acquiescence evidenced by the lapse of time.

It is impossible to avoid the inference that the conveyance by the executor and the deed back to him were one transaction, and that the trustee acted in the double capacity of seller and purchaser of the trust property. His title, therefore, was voidable by those whom he was bound to protect, but whose interests were endangered by the collision with his own. (*Davoue* v. *Fanning,* 2 Johns. Ch. 252 ; *Gardner* v. *Ogden,* 22 N. Y. 327 ; *Forbes* v. *Halsey,* 26 id. 53 ; *Van Epps* v. *Van Epps,* 9 Paige, 237 ; *Duncomb* v. *N. H. & N. Y. R. R.,* 84 N. Y. 199.) The purchaser here is not protected as one buying in good faith and without knowledge of the breach of trust, for he has ascertained the facts, so far as they are known, before any acceptance of the deed or payment of the purchase-money. (*Wormley* v. *Wormley,* 8 Wheat. 449.) Nor is the lapse of time conclusive upon the beneficiaries under the will of Meier. Twenty years had not elapsed when this attempted sale was made. In *Hawley* v. *Cramer* (4 Cow. 735), it was said that an application to set aside the sale must be made within a reasonable time, of which the court must judge under all the

circumstances, and twenty years was named as the shortest period which a court of equity would be bound to consider an absolute bar. If a resale was refused after eighteen years (*Gregory* v. *Gregory*, Coop. Ch. Cas. 201), and after sixteen years (*Bergen* v. *Bennett*, 1 Caine's Cas. in Error, 1), on the other hand in *Hatch* v. *Hatch* (9 Ves. 292), the sale was set aside after the lapse of twenty years; in *Dobson* v. *Racey* (3 Sandf. Ch. 66), after twenty-seven years; in *Purcell* v. *McNamara* (14 Ves. 91), after seventeen years. Of course in all these cases diverse and varied circumstances operated to affect the judgment of the court and produced very different results, but they show that such time as has elapsed in the present case is not necessarily conclusive, and that the purchaser taking the receiver's deed, and in total ignorance of the occasion or circumstances of the delay, would run the risk of an adverse decision and hold at the best only a doubtful title. Infancy, ignorance, concealment, or misrepresentation might come to explain and excuse the delay, and prevent it from amounting to acquiescence.

We think the General Term were, therefore, right in holding the proffered title defective, but should have relieved the purchaser wholly from his contract. Admitting the title to be bad, but assuming that it might thereafter be made good, the court directed that the purchaser should take the premises if the seller should produce sufficient evidence to be taken in a proceeding which should be instituted by action or motion within sixty days, showing a confirmation of the executor's purchase by the proper parties. The effect of this order was to change utterly the purchaser's contract, and bind him to an agreement which he never made. It left the period of performance entirely uncertain and indefinite. The seller could begin his proceeding within sixty days, and after that was free to pursue the litigation at his pleasure, while the purchaser remained bound for an unknown period, with no guaranty of getting a title in the end. We can find no authority for such an order. In actions for specific performance, the courts have sometimes decreed that the purchaser should take title when its defects were cured before the final hearing, although exist-

ing at the commencement of the action (*Dutch Church* v. *Mott,* 7 Paige, 85; *Grady* v. *Ward,* 20 Barb. 543), but have never gone so far as to hold the action open and undetermined to enable the seller to bring a suit against other parties, and try the experiment of an effort to secure a good title at some uncertain date in the future. In this respect the order of the General Term was wrong and should be reversed, McMillan be relieved from his purchase and repaid his deposit and auctioneer's fees with interest thereon, together with the reasonable expenses of investigating the title, and costs of the appeal to the General Term and to this court.

All concur.

Ordered accordingly.