Larremore, C. J.
The parties have entered into a written contract by which the defendant agrees to sell, and *781 the plaintiff to purchase, the real estate known as 2134 Second avenue, in the city of New York. The plaintiff has rejected the title, and brought this action to recover back the deposit paid on signing said contract. The ground of his objection is that as to a one-half interest in such premises, the same was, prior to May 6, 1853, vested in Tighe Davey and Peter McLoughlin, executors of Thomas Mooney, deceased, as trustees, under his will; that in May, 1853, the said executors, for the expressed consideration of $750, conveyed the same by executors’ deed to Thomas Mooney, of Peoria, Illinois ; and that said Thomas Mooney, by a deed contemporaneous with the executors’ deed, conveyed the same back to said Peter McLoughlin, as an individual, for the same consideration named in the executors’ deed.
Upon the trial the question was submitted to the jury whether the deed from the executors to Mooney, and the deed back to McLoughlin, were intended to constitute a single transaction, and a cover for the transfer of a portion of the trust estate to one of the trustees as an individual. The jury answered this question in the affirmative, and, under the charge of the court, rendered a verdict for the plaintiff for a sum which included the amount of said deposit, and the expenses incurred in searching the title.
We are of opinion that defendants’ motion to dismiss the complaint should have been granted. The verdict established that the conveyance to McLoughlin, by means of the two deeds aforesaid, was a sale by trustees to one of their number as an individual. There was sufficient evidence to go the jury on this point if the fact itself were the one on which the case turned. But, granting that McLoughlin, as an individual, purchased from himself as trustee, what is the result? His title and that of his grantees was voidable, not void. This is well settled and will not be disputed. Such a title will become absolute unless avoided by a law suit brought by the proper persons and within the legal time. We must, therefore, consider what the period is within which an action to set aside a purchase by a trustee of the trust estate must be brought.
It was held in Hawley v. Cramer (4 Cow., 717), that such a purchase will be set aside on the application of a cestui que trust if made within a reasonable time, and if not made within a reasonable time, the right will be deemed waived or abandoned; that what shall be considered a reasonable time has no fixed rule, but rests in sound discretion; that the shortest period which a court of equity is bound to consider a bar to such a suit is, in analogy to the Statute of Limitations at law, twenty years. This decision was made before the adoption of the Code of Procedure, and it is to be noticed that the suggestion of a twenty years limitation is furnished *782 by an analogy to the positive provisions regulating actions of law.
With the adoption of the Code and the amalgamation of legal and equitable procedure there came in a Statute of Limitations, which applies just as imperatively to actions-formerly instituted in chancery as to suits which have always been brought in courts of law.
The provision in question was section 97 of the old Code, and was re-enacted as section 388 of the present Code of Civil Procedure. It- has, accordingly, been held by the court of appeals that, under the Code, an action to set aside a trustee’s purchase, as an individual, of real estate belonging to the trust, must be brought within ten years from the accruing of the cause of action; and that the cause of action accrues as soon as the trustee takes possession, and- begins openly and notoriously to occupy the premises as his own, asserting an individual right thereto. Hubbell v. Medbury, 53 N. Y., 98.
Under this decision it seems clear that the cause of action to set aside the transfer to McLoughlin individual!, accrued in 1853; and that, as thirty-four years had elapsed between such time and the execution of the contract to convey to this plaintiff, any possible right to question such transfer is outlawed. I can see no reason why the court should not so hold, if this were an action for specific performance, where the burden of proving the title good is on the seller. Certainly, in the present action, to recover back the deposit, in which the purchaser is required to prove affirmatively that the title is unmarketable, the lapse of thirty-four years raises a presumption that all adverse claims have been quieted, which the plaintiff must negative if he wishes to succeed.
Our attention has been called to the case of The People v. The Open Board of Stockbrokers Building Co. (92 N. Y., 98), as an authority apparently in conflict with the views above expressed. - It seem quite significant that in that case the case of Hubbell v. Medbury (supra), is not cited in the opinion of the court, or the argument of either counsel. The question involved is so similar in both cases, that it seems probable that the earlier case was overlooked in the decision of the latter one. In such latter case the court says: “ Nor is the lapse of time conclusive upon the beneficiaries under the will of Meier. Twenty years had not elapsed when this attempted sale was made.” citing Hawley v. Cramer, supra.
The case at bar is distinguished from The People v. The Open Board of Stockbrokers Building Company, on the facts, for here thirty-four years have elapsed since the voidable conveyance was made It matters not, therefore, whether the limitation to be considered is a statutory one of *783 ten years, as is held in Hubbell v. Medbury, or one of twenty years as seems to be intimated in The People v. The Open Board of Stockbrokers Building Company. Under either authority, all rights of cestuis que trust to avoid the conveyance are presumptively outlawed, Syester v. Brewer, 27 Md., 288; cited in Perry on Trusts, 3 ed., § 864.
The judgment appealed from should be reversed, and a new trial ordered, with costs to abide the event.
Bookstaver, J., concurs.