### WOLF *v.* SCHMIDT.

*(Common Pleas of New York City and County, General Term.* December 3, 1888.)

LIMITATION OF ACTIONS—RUNNING OF STATUTE—PURCHASE OF ESTATE BY TRUSTEE.

An objection to the title on the ground that it is derived through a deed made by the executors of a deceased owner, the grantee in that deed immediately reconveying to one of the executors for the same consideration named in the executors' deed, and that the two deeds constituted one transaction,—the transfer of the trust-estate to one of the trustees as an individual,—cannot be sustained after a lapse of 34 years, the title derived through those deeds being merely voidable, and having become absolute under the statute of limitations; Code Civil Proc. N. Y. § 388, providing that actions, the limitation of which is not specifically prescribed, must be commenced within 10 years after the cause of action accrues.

Appeal from trial term; J. F. DALY, Judge.

Action by Morris Wolf against Anna Maria Schmidt to recover the deposit paid by plaintiff on a contract for the purchase of a house and lot from defendant; plaintiff contending that defendant's title was defective. From a judgment for plaintiff, defendant appeals. Code Civil Proc. N. Y. § 388, provides that all actions, the limitation of which is not specifically prescribed in that or the preceding title, shall be commenced within 10 years after the cause of action accrues.

*Wing, Shoudy & Putnam,* ( *J. A. Shoudy,* of counsel, ) for appellant. *Lachman, Morgenthau & Goldsmith,* (*Samson Lachman,* of counsel,) for respondent.

LARREMORE, C. J. The parties have entered into a written contract by which the defendant agrees to sell, and the plaintiff to purchase, the real estate known as 2134 Second avenue, in the city of New York. The plaintiff has rejected the title, and brought this action to recover back the deposit paid on signing said contract. The ground of his objection is that, as to a one-half interest in such premises, the same was, prior to May 6, 1853, vested in Tighe Davey and Peter McLoughlin, executors of Thomas Mooney, deceased, as trustees under his will; that in May, 1853, the said executors, for the expressed consideration of $750, conveyed the same by executors' deed to Thomas Mooney, of Peoria, Ill.; and that said Thomas Mooney, by a deed contemporaneous with the executors' deed, conveyed the same back to said Peter McLoughlin as an individual, for the same consideration named in the executors' deed. Upon the trial, the question was submitted to the jury whether the deed from the executors to Mooney, and the deed back to McLoughlin, were intended to constitute a single transaction, and a cover for the transfer of a portion of the trust-estate to one of the trustees as an individual. The jury answered this question in the affirmative, and, under the charge of the court, rendered a verdict for the plaintiff for a sum which included the amount of said deposit, and the expenses incurred in searching the title.

We are of opinion that defendant's motion to dismiss the complaint should have been granted. The verdict established that the conveyance to McLoughlin, by means of the two deeds aforesaid, was a sale by trustees to one of their number as an individual. There was sufficient evidence to go to the jury on this point, if the fact itself were the one on which the case turned. But granting that McLoughlin as an individual purchased from himself as trustee, what is the result? His title, and that of his grantees, was voidable, not void. This is well settled, and will not be disputed. Such a title will become absolute unless avoided by a lawsuit brought by the proper persons and within the legal time. We must therefore consider what the period is within which an action to set aside a purchase by a trustee of the trust-estate must be brought. It was held in *Hawley* v. *Cramer,* 4 Cow. 717, that such a purchase will be set aside on the application of a *cestui que trust,* if made within a reasonable time, and if not made within a reasonable time the right will

be deemed waived or abandoned; that what shall be considered a reasonable time has no fixed rule, but rests in sound discretion; that the shortest period which a court of equity is bound to consider a bar to such a suit is, (in analogy to the statute of limitations,) at law, 20 years. This decision was made before the adoption of the Code of Procedure, and it is to be noticed that the suggestion of a 20-years limitation is furnished by an analogy to the positive provisions regulating actions of law. With the adoption of the Code, and the amalgamation of legal and equitable procedure, there came in a statute of limitations which applies just as imperatively to actions formerly instituted in chancery as to suits which have always been brought in courts of law. The provision in question was section 97 of the old Code, and was re-enacted as section 388 of the present Code of Civil Procedure. It has accordingly been held by the court of appeals that, under the Code, an action to set aside a trustee's purchase, as an individual, of real estate belonging to the trust, must be brought within 10 years from the accruing of the cause of action; and that the cause of action accrues as soon as the trustee takes possession, and begins openly and notoriously to occupy the premises as his own, asserting an individual right thereto. *Hubbell* v. *Medbury,* 53 N. Y 98. Under this decision, it seems clear that the cause of action to set aside the transfer to McLoughlin, individually, accrued in 1853; and that as 34 years had elapsed between such time and the execution of the contract to convey to this plaintiff, any possible right to question such transfer is outlawed. I can see no reason why the court should not so hold if this were an action for specific performance, where the burden of proving the title good is on the seller. Certainly, in the present action, to recover back the deposit, in which the purchaser is required to prove affirmatively that the title is unmarketable, the lapse of 34 years raises a presumption that all adverse claims have been quieted, which the plaintiff must negative if he wishes to succeed. Our attention has been called to the case of *People* v. *Board,* 92 N. Y. 98, as an authority apparently in conflict with the views above expressed. It seems quite significant that in that case the case of *Hubbell* v. *Medbury, supra,* is not cited in the opinion of the court or the argument of either counsel. The question involved is so similar in both cases that it seems probable that the earlier case was overlooked in the decision of the later one. In such later case the court say: "Nor is the lapse of time conclusive upon the beneficiaries under the will of Meier. Twenty years had not elapsed when this attempted sale was made;" citing *Hawley* v. *Cramer, supra.* The case at bar is distinguishable from *People* v. *Board,* on the facts, for here 34 years have elapsed since the voidable conveyance was made. It matters not, therefore, whether the limitation to be considered is a statutory one of 10 years, as is held in *Hubbell* v. *Medbury,* or one of 20 years, as seems to be intimated in *People* v. *Board.* Under either authority, all rights of the *cestui que trust* to avoid the conveyance are presumptively outlawed. *Syester* v. *Brewer,* 27 Md. 288, cited in 2 Perry Trusts, (3d. Ed.) § 864. The judgment appealed from should be reversed, and a new trial ordered, with costs to abide the event.

VAN HOESEN, J., concurs.