### New York & M. R. Co. *v.* Lent *et al.*

(*Supreme Court, General Term, Second Department.* February 11, 1889.)·

EMINENT DOMAIN—PROCEDURE—APPEAL FROM AWARD.

A commissioners' award of damages for land taken for the purposes of a railroad company will not be disturbed on appeal unless palpably erroneous in amount.

Appeal from special term, Dutchess county.

The New York & Massachusetts Railroad Company appeal from an award of damages made by commissioners to John R. Lent and others.

Argued before DYKMAN and PRATT, JJ.

*H. A. Nelson,* for appellant. *H. M. Taylor, E. Crummey, C. Swan,* and *H. D. Hufcut,* for respondents.

DYKMAN, J. This is an appeal by the railroad company from a report of commissioners appointed to ascertain and determine the compensation to be made to the owners of certain land proposed to be taken for the purposes of the company, and from the order confirming the report, and also from the order for the appointment of the commissioners. The great objection to the award of damages has reference to its size, and, excepting a few questions of evidence, the error charged against the report of the commissioners is based upon the amounts awarded to the owners. Upon the argument before us there was no objection lodged against the order for the appointment of the commissioners, nor against the order confirming their report, and there is no charge of misapprehension, misconception, fraud, or undue influence, or the adoption of any erroneous principle, except such as may be inferred from the sums of money awarded. A careful perusal of the report fails to discover any great overallowance, or the award of sums which appear plainly to be far beyond compensation. Under such circumstances, there is little upon which an appellate court can seize for the reversal of an award. The commission is the tribunal formed by law for the determination of the facts respecting values and damages, and the law has placed within their reach and at their disposal sources and means of information respecting those subjects which cannot be utilized or placed before the court into which their proceedings are brought for review. They can seek private information from all sorts of people, and supply themselves with knowledge in all ways, as private individuals commonly do with respect to private property and business. The evidence thus gathered, supplemented by the personal view and inspection of the premises required by law, furnishes the commissioners with information of the utmost value to them, but which is never reduced to a record, and cannot be carried up by the appeal. Unless, therefore, the awards be palpably erroneous in point of amounts, it is quite unsafe to disturb them on appeal. Such interference in all cases substitutes the opinions of judges and courts for those of the commissioners, and, although such substitution may be made in extreme cases, yet the power should be exercised with much caution. The appellant insists that the sums awarded are large, and much too large, but they are not sufficiently so to justify an interference upon that ground alone. Neither do

we find any error in the exclusion of testimony which would justify us in setting aside the awards.    The report and orders appealed from are therefore affirmed, with costs.    All concur.