JOHN R. LENT and HENRY M. TAYLOR, Special Guardian of JOHN R. LENT, Respondents, *v.* NEW YORK AND MASSACHUSETTS RAILWAY COMPANY, Appellant.

*Eminent domain — on confirmation of the report of the commissioners of appraisal the relation of vendor and purchaser arises.*

Where a railroad corporation, in proceedings for the condemnation of land by the exercise of the right of eminent domain, proceeds so far as to procure the confirmation of the report of the commissioners of appraisal, the relation of vendor and vendee becomes thereby established between the parties whose land is taken, and the corporation, and the latter is bound to pay the award to the former under the provisions of section 18 of chapter 140 of the Laws of 1850, as amended by chapter 198 of the Laws of 1876.

Appeal by the defendant from a final judgment, entered after a trial at a Special Term held in Dutchess county, in the office of the clerk of the county of Dutchess on the 1st day of May, 1889, in favor of the plaintiffs and against the defendant for the sum of $15,192.31, with fifty dollars costs; and also from an interlocutory order made in such action on April 6, 1889, and entered in said

clerk's office on the same day, directing that the demurrer to the complaint be overruled and that judgment be entered in favor of the plaintiffs, with leave to the defendant to withdraw the demurrer and answer the complaint within twenty days on payment of costs, and that in default of its so doing, that final judgment be entered for the plaintiff.

The complaint alleged that proceedings were had in the Supreme Court to acquire certain lands in the city of Poughkeepsie, of which the plaintiff John R. Lent was in part an owner; that the plaintiff Henry M. Taylor was appointed special guardian of John R. Lent by the court to attend to his interests in the proceedings in the premises; that the commissioners fixed the value of the interest of the said John R. Lent in said lands at $14,270.79, and determined that the sum of $300 was the amount which should be paid to said Henry M. Taylor as special guardian for his costs, expenses and counsel fees in said matter, which report of such commissioners was confirmed by an order made on the 13th day of August, 1888, upon a motion made by the defendant therefor.

*Homer A. Nelson* and *O. D. M. Baker*, for the appellant.

*Henry M. Taylor*, for the respondents.

DYKMAN, J. :

This is an action upon the award of commissioners appointed to determine the compensation to be made to John R. Lent for certain lands and premises belonging to him and proposed to be taken by the defendant for the purposes of its incorporation in addition to certain other lands already condemned for such purpose.

The complaint alleged the incorporation of the defendant; the presentation of a petition by the company praying for the appointment of commissioners of appraisal for the land of John R. Lent; the appointment of three commissioners for that purpose and the appointment of Henry M. Taylor, one of the plaintiffs, as special guardian of John R. Lent, the other plaintiff in this action, in such proceedings. Then the complaint stated the hearing before the commissioners; the making of their report on the 14th day of July, 1888, of $14,270.79 in favor of John R. Lent, and of $300 to H. M. Taylor as such special guardian; the confirmation of such report, on motion of the defendant, by an order of the court duly

entered in the office of the county clerk of Dutchess county, which directed the defendant to pay to Henry M. Taylor, as such special guardian, the award of $14,270.79 as well as the sum of $300 so awarded to him as special guardian. The complaint finally set up the appeal by the defendant to the General Term of the Supreme Court from the report of the commissioners, and the order confirming the same, and the affirmance of both, and then demanded judgment for both sums so awarded by the commissioners. To this complaint the defendant objected by demurrer upon five specified grounds.

*First.* That plaintiffs have no legal capacity to sue.

*Second.* That there is a misjoinder of parties plaintiff, and,

*Third.* That there is a defect of parties plaintiff.

*Fourth.* That causes of action have been improperly united. That a cause of action in favor of John R. Lent, and a cause of action in favor of Henry M. Taylor, as special guardian of John R. Lent, have been united in one complaint.

*Fifth.* That the complaint does not state facts sufficient to constitute a cause of action.

The demurrer was overruled at Special Term and the defendant has appealed from the final judgment, awarding to the plaintiffs the relief demanded in the complaint, and also from the interlocutory order and judgment entered upon the decision of the Special Term. After a most thorough and careful examination we have failed to discover any merit in the defendant's demurrer, or in the questions of law presented thereby. We can find no reason why the plaintiffs have not legal capacity to sue, and the defendant has pointed out none, as he is required to do by section 490 of the Code of Civil Procedure.

The second and third specification of grounds in the demurrer present the same question respecting the parties plaintiff, and in relation thereto we deem it sufficient to say that, under the order of affirmance of the General Term, the whole amount was made payable to the plaintiff, Henry M. Taylor, and he could, therefore, maintain this action in his own name alone. But the whole amount did not belong to him, and when he received the same, he would hold the great part of the same for John R. Lent, to whom it belonged. While, therefore, Mr. Taylor might maintain the action

alone under section 449 of the Code, yet, as John R. Lent had an interest in the subject of the action and in obtaining the judgment demanded, it was proper to join him as plaintiff. (Code, § 446; *Hubbell* v. *Medbury*, 53 N. Y., 102.)

In relation to the fifth ground specified by the demurrer, it is deemed sufficient to say that the complaint, after alleging the facts in relation to the petition for the appointment of commissioners and their appointment, and the report which they made, then states that such report was presented to the court, and on motion of the defendant it was in all things confirmed.

The rule seems to be now that if the company, in proceedings like these, elect to proceed and procure the confirmation of the report of the commissioners of appraisal, the relation of vendor and vendee becomes thus established between the parties, and the corporation is bound to pay the award. (*Matter of Rhinebeck and Connecticut R. R. Co.*, 67 N. Y., 242.

In our view, this salutary principle has not been abrogated or affected by the amendment of May 6, 1876 (chap. 198), and our conclusion is that the judgments and order, from which this appeal was taken, should be affirmed, with one bill of costs on this appeal.

PRATT, J., concurred in the result.

Order overruling demurrer to complaint and judgment thereon affirmed, with costs.