### CASSIDY et al. v. SAUER et al.

(Supreme Court, Appellate Division, Fourth Department. July 12, 1906.)

1. PARTIES—TRUSTEES.

Where one held title to land for the benefit of a corporation, in a suit to set aside a contract made by him for the sale of the land it was necessary that he be so connected with the litigation as to be concluded by the judgment in any future action with reference to the property.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Parties, §§ 9–11.]

2. SAME—DESCRIPTION OF PARTIES.

An individual who held title to land for the benefit of a corporation was the victim of fraud in making a contract for the sale of the land, and subsequently an action was brought to rescind the contract, in which such individual alleged that he was merely a trustee, and prayed a finding to that effect; but he was described in the title of the complaint as trustee for the corporation. *Held*, that a demurrer on the ground that such individual was not personally a party to the action was properly overruled.

3. SAME—JOINDER—TRUSTEE AND REAL PARTY IN INTEREST.

Code Civ. Proc. § 446, provides that all persons having an interest in the subject of the action and in obtaining the judgment demanded may be joined as plaintiffs, and section 449 provides that every action must be prosecuted in the name of the real party in interest, except that a trustee of an express trust may sue without joining with him the person for whose benefit the action is prosecuted. *Held* that, where fraud was practiced upon one who held land in trust for another, he might join the other as plaintiff in an action by him to rescind the contract for fraud.

Spring and Kruse, JJ., dissenting.

Appeal from Special Term, Monroe County.

Action by John C. Cassidy, as trustee for the Cassidy & Son Manufacturing Company, and another against Charles Sauer, otherwise known as Charls Sauer, and others. From a judgment overruling a demurrer to the complaint, defendants Walter A. Parce and another appeal. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

Lewis & McKay and Clarence E. Shuster, for appellants.

Satterlee, Bissell, Taylor & French, for respondents.

WILLIAMS, J. The judgment should be affirmed, with costs. The action is to rescind a contract for the sale of land, and to cancel the record of the contract and an assignment thereof on the ground of fraud. A mortgage on the land was held by the Cassidy & Son Manufacturing Company. At the sale under a foreclosure of this mortgage, John C. Cassidy, then and still president of the company, purchased and took title to the land in his own name, but for the benefit of the company, whose money was used to pay the purchase price. A part of the land was thereafter sold by Cassidy to the defendant Sauer for the benefit of defendant Parce, and in making the contract for this sale fraud was committed by Parce and Sauer upon Cassidy. The contract was subsequently assigned to the defendant Becker, Mrs. Sauer joining with her husband in the assignment. These facts are alleged in the complaint, and of course are admitted by the demurrer.

The grounds of the demurrer, in brief, are: (1) That Cassidy is not personally a party to the action. (2) That Cassidy as trustee and the company are improperly joined as plaintiffs in the action. (3) That the complaint does not state facts sufficient to constitute a cause of action.

As to the first ground, no cause of action for or against Cassidy personally is alleged. The only theory upon which it can be said he should be made a party is that he should be bound by the judgment, which will adjudge that he has personally no interest in the property, to which the has the legal record title, and which he contracted to sell and dispose

of. It is necessary that he should be so connected with the litigation as to be concluded by the judgment in all future actions. with reference to the property. We think it must be said that Cassidy as an individual is a party to this action, inasmuch as the result of the litigation must determine that he has no individual rights in the property, but that he took and holds title to the property, and made the contract for the sale thereof, solely for the benefit of the company. The mere fact that he is named as trustee in the title does not settle the question. The body of the complaint must be considered in determining what rights are being litigated, and it appears thereby that a determination of the questions involved requires a finding that Cassidy has no personal interest in the property. Such a finding would be binding upon him in any future litigation involving his rights in the property. It will be noted that he is not a defendant in the action in any capacity. He is not brought into court by some one else. He brings the action himself, and alleges, and asks the court to find, that he is a trustee merely, and has no personal interest in the property. It cannot be possible that he can avoid this finding so made in this action in any subsequent litigation involving his rights in the property. Many text-books and cases have been cited, considered, and discussed by counsel relating to this question, and it requires considerable study and effort to harmonize the views expressed by writers and judges on this subject. We think there is no authority which, carefully considered, runs counter to the conclusion hereinbefore expressed by us. We do not desire to enter into an analysis of these authorities. It is said, however, that the trust alleged is void, and Cassidy is the real actual owner of the property. If this be true, then it must be said that the complaint, taken as a whole, shows a cause of action in his favor as an individual, and the action could be regarded as an individual one, and not an action brought by him as trustee. Litchfield v. Flint, 104 N. Y. 543, 11 N. E. 58. We are not inclined to take this view of the question, however. This property was bid in for the company. It was paid for by the company, the president using its money. Even if the president sought to deny the company's right to the property, the court would have little trouble in protecting the company and establishing its rights. Certainly, when the president brings this action, and in his complaint disavows all right and interest in the property, alleges and asks the court to find the property belongs to the company, and to so decide by its judgment, the court ought to have little trouble as to this branch of the case.

Nor do we think that there is an improper joinder of parties in making the company a party plaintiff in the action. Section 446, Code Civ. Proc. is authority for such joinder, and section 449 does not prohibit it. The latter section is permissive merely. The action may be by the trustee of the express trust. There is no prohibition against the real party in interest bringing it, or being joined as a plaintiff. See Hubbell v. Medbury, 53 N. Y. 98–102, construing a like provision. Section 113, Code Civ. Proc. The action here is not to recover upon a sealed instrument (the contract of sale), but to set the same aside by reason of fraud. The case of Spencer v. Huntington, 100 App. Div. 463, 91 N. Y. Supp. 561, is not therefore applicable.

The complaint states facts sufficient to constitute a cause of action in fraud, and we think, upon a consideration of all the questions raised, that the demurrer to the complaint was properly overruled.

Interlocutory judgment affirmed, with costs, with leave to plead over upon payment of the costs of the demurrer and of this appeal. All concur, except SPRING and KRUSE, JJ., who dissent in an opinion by KRUSE, J.

KRUSE, J. (dissenting). The facts stated in the complaint do not establish a joint cause of action in favor of the plaintiffs, and I am inclined to the opinion that none is stated in favor of either of them in the form in which the action is brought and the capacity in which the plaintiff John C. Cassidy sues. As I view it, the complaint states the ordinary cause of action in favor of the plaintiff John Cassidy individually and alone to set aside a contract for the sale by him of certain valuable real estate, procured from him through false and fraudulent statements and representations and concealment of certain material facts, whereby he agreed to sell and convey to the defendant Parce the said lands; the other defendants having been a party to the fraud, or their rights being subordinate to that of the plaintiff. It is true that the complaint alleges that Cassidy was the president of his coplaintiff company, and that he took the title to the land for the benefit of the company, his coplaintiff, its money being used to pay the purchase price thereof; but it is alleged that he took the title to it in his own name, and there is no allegation that in entering into the contract that he now seeks to set aside he assumed to act for the company, but the contract was made by him individually, in writing, and under his seal. I think under such circumstances the cause of action to set aside the contract is one in his favor individually. Even if Cassidy can be regarded as suing individually, or even if the cause of action can be treated as one by him as trustee, I think he and the company are improperly joined as parties plaintiff. There is no claim that the plaintiff Cassidy is at variance with his coplaintiff company, or that the latter, who is beneficially interested, will not be fully protected by him. It is not a case where a trustee refuses to bring an action to vindicate the rights of his cestui que trust; but, even in that view, the action, if maintainable, should be brought directly by the company, making Cassidy a party defendant, alleging such failure upon the part of the trustee. There is no more reason for joining a trustee and his cestui que trust as parties plaintiff upon such a cause of action than for so joining an agent with his principal.

I think the demurrer should be sustained.

SPRING, J., concurs.