(53 Misc. Rep. 486)

### FELLER et al. v. MITCHELL.

(Supreme Court, Special Term, New York County. March 1, 1907.)

VENDOR AND PURCHASER—DEFECT IN TITLE OF VENDOR—ACTION TO RECOVER PRICE PAID.

    In an action to recover the amount paid on a purchase of land, it was shown that the mother of an infant who had an interest in the premises instituted proceedings for leave to sell the infant's share of the property. The property was sold by a special guardian appointed to one C., who in a few days conveyed the same to the mother of the infant. The infant had no father, and under Laws of 1896, p. 223, c. 272, in such case the mother is the guardian in socage, and is under a trust obligation to save the property for the child. *Held*, that the infant's proceedings were of such a nature as to create a reasonable doubt as to their good faith, and thereby create a doubt as to the market value of the title to the property.

Action by Harry Feller and another against H. Raymond Mitchell. Submitted on stipulation, and judgment for plaintiff.

Arthur Knox, for plaintiff.
Harold Swain, for defendants.

NEWBURGER, J. This is an action brought by plaintiffs, as vendees, to recover back the amount paid by them as a deposit, and also to recover the amount of counsel fees and disbursements, being the expenses of examining the title. By stipulation, the only question submitted to the court arises in connection with an infant's proceeding. In 1889, Katharine P. Williams, the mother of Annie P. Nicholson, an infant, who had an interest in the premises as petitioner, instituted proceedings in the Court of Common Pleas for leave to sell the infant's share of the property. One Charles E. Clarke was appointed special guardian, and thereafter proceedings were had which resulted in an order authorizing the sale of the infant's interest to Percy E. Clarke. Clarke, the guardian, and Clarke, the purchaser, as appears from an

examination of the proceedings, were both residènts of the city of Washington. The deed from the special guardian to Percy E. Clarke is dated on July 11, 1889, and on the 30th day of July, 1889, Percy E. Clarke conveyed the same premises to Katharine P. Williams, the mother of the infant and the petitioner in the infant's proceedings. Section 50 of the domestic relations law (Laws 1896, p. 223, c. 272) provides that the mother, if there be no father, shall be the guardian in socage, and section 53 fixes the powers and duties of such guardian.

In Davoue v. Fanning, 2 Johns. Ch. 252, it was held that:

"If a trustee or person acting for others sells the trust estate and becomes himself interested in the purchase, the cestui que trusts are entitled as of course to have the purchase set aside and the property re-exposed to sale under the direction of the court. And it makes no difference in the application of the rule that a sale was at public auction, bona fide, and for a fair price, and that the executor did not purchase for himself, but a third person, by previous arrangement, became the purchaser, to hold in trust for the separate use and benefit of the wife of the executor, who was one of the cestui que trusts, and had an interest in the land under the will of the testator."

See, also, People, etc., v. Open Board of Brokers, 92 N. Y. 98.

In Terwilliger v. Brown, 44 N. Y. 240, Mr. Justice Earl says:

"The law exacts scrupulous good faith on the part of him who acts as trustee for another, or holds any other fiduciary relation to another. A trustee is not permitted to purchase the trust property, or be directly or indirectly interested in such purchase. He is not permitted to make the purchase as agent for another or through an agent for himself. And it matters not if he pays all the property is worth nor if the sale is advantageous to the cestui que trust. It is a matter, of course, for courts of equity to set the sale aside upon the application of the cestui que trust. The object of the rule is to afford the cestui que trust the most ample protection against fraud and injustice, and to remove out of the way of the trustee all inducements and temptations to speculate upon the trust property, or to manage and manipulate the same for his own benefit."

It was, therefore, not incumbent upon the plaintiffs to allege fraud in the conveyance of the infant's interest to her mother. The examination of the infant's proceedings was sufficent to cast suspicion upon and create a reasonable doubt as to the good faith of the proceedings, and thereby create a doubt as to the market value of the title.

Judgment for the plaintiff, with costs. Submit findings.